964 A.2d 296

IN THE MATTER OF THOMAS A. GIAMANCO, AN ATTORNEY
AT LAW (ATTORNEY NO. 013451983).

January 27, 2009.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 08–169, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **THOMAS A. GIAMANCO** of **RIDGEWOOD,** who was admitted

to the bar of this State in 1983, and who has been suspended from the practice of law since November 21, 2006, by Orders of the Court filed November 21, 2006, December 12, 2007, and May 9, 2008, should be disciplined for violating *RPC* 8.1(b) (failure to cooperate with ethics authorities) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And **THOMAS A. GIAMANCO** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **THOMAS A. GIAMANCO** is suspended from the practice of law for a period of one year, consecutive to the term of suspension ordered on May 9, 2008, and until the further Order of the Court, effective November 8, 2009; and it is further

ORDERED that respondent be evaluated by the New Jersey Lawyers' Assistance Program and, prior to reinstatement to practice, submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner and he shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.